

Statement of Response to Allegations
Submitted by: Steven Keenan, MPA
Director of Facilities Services, Akron Public Schools
Date: September 11, 2025

**To the Akron Public Schools Board of Education and Hearing Officers:**

I submit this statement in response to the allegations outlined in the Notice of Pre-Disciplinary Meeting dated September 8, 2025. I appreciate the opportunity to clarify my role in the March 2025 lawn mower trade-in and purchase process and to address the broader context in which these allegations have arisen.

### A. Context of Retaliation and Whistleblower Activity

In Fall 2024, I submitted a formal complaint to the Board of Education President regarding serious misconduct by then-Superintendent Michael Robinson. This complaint was consistent with APS's whistleblower policy and was later substantiated by an independent investigation.

Following my protected whistleblower activity:

I was contacted directly by Board Member Gregory Harrison while on approved FMLA leave, in an intimidating and coercive manner.

My job duties were stripped, my office was reassigned, and I was removed from key communications and meetings.

I was subjected to persistent verbal abuse and isolation from October 2024 through June 2025.

On June 6, 2025, shortly after filing a second formal complaint with the Ohio Civil Rights Commission, I was placed on paid administrative leave under vague pretenses.

These actions reflect a clear pattern of retaliation and interference with my protected rights under both whistleblower and FMLA statutes.

### B. Allegations Regarding Lawn Mower Purchases

The current investigation into my personal purchase of lawn mowers from Baker Vehicle Systems must be viewed through the lens of this retaliatory environment. The allegations are not only disproportionate they are selectively enforced.

Key facts:

- The trade-in list was compiled by Grounds Foreman Bryan Ressler and Mechanic Glenn Boone.
- Baker independently assessed the equipment and set trade-in values.
- I did not approve the purchase order; this was handled by APS Office of Business Affairs, Executive Director Debra Foulk.

Page **3** of **4**

- **No conflict of interest:** Baker Vehicle Systems is a public vendor approved by APS, and the discount I received was the standard 'employee and family' rate. This same discount was extended to multiple APS employees, including Gary Brasiel and Eric Bennett.
- **No misuse of position:** I did not unilaterally approve the trade-in. Emails and testimony confirm that Grounds Foreman Bryan Ressler and Mechanic Glenn Boone initiated the trade-in list. The process involved multiple individuals, including Debra Foulk, and was handled through APS Office of Business Affairs.
- **No board policy breach:** APS Policies 1130 (Conflicts of Interest), 4210 (Staff Ethics), and 7300 (Disposition of Real Property/Personal Property) require proof of intent or personal gain from insider knowledge. There is no evidence that I acted with intent to defraud or that I benefited improperly from insider access because I did not have intent nor did I improperly benefit.

These allegations are selectively enforced and are part of a broader pattern of retaliation following my whistleblower complaint and efforts to reform district purchasing practices.

### E.  Pattern of Disparate Treatment and Discrimination

In addition to retaliation, I have experienced gender-based discrimination. Upon my promotion to Director, I was repeatedly told I was "too young" or "not experienced enough" for the role. These comments, made by senior female staff and supervisors, undermined my credibility and contributed to a hostile work environment. No one said this of female employees. Similarly situated employees at my level are overwhelmingly female, and I am male. My direct supervisors are female. I am being more harshly scrutinized than any female employee.

The scrutiny I now face over routine vendor interactions and personal purchases—interactions that mirror those of other employees—is not about ethics. It is about retaliation for challenging misconduct, saving the district millions through contract reform, and refusing to be complicit in unethical practices.

### F.  Request for Fairness and Accountability

In closing, I respectfully urge the Board to consider the broader context and the district's best interests. My contributions to APS have resulted in millions of dollars in operational savings, and my institutional knowledge is a valuable asset during a time of fiscal challenge. The issues raised in this investigation reflect systemic gaps in asset management and purchasing oversight, not

Page **4** of **4**

individual misconduct. Retaining my employment would demonstrate a commitment to stability, fairness, and accountability—values that are essential to restoring trust and moving the district forward.

I respectfully request that the Board:

a) Recognize the retaliatory nature of this investigation;
b) Consider the lack of clear policy violations and the systemic absence of asset management protocols;
c) Acknowledge and remedy the broader pattern of harassment and discrimination I have endured;
d) And dismiss these allegations;
e)  or resolve them through corrective coaching rather than punitive action.

I remain committed to serving Akron Public Schools with integrity and professionalism. I ask only for a fair and unbiased review of the facts and the context in which this investigation has occurred.

Sincerely,
Steven Keenan, MPA
Director of Facilities Services
Akron Public Schools