Motion denied as moot. Amended complaint filed on 9/18/2026 (doc. 24).
/s/ John R. Adams

U.S. District Judge
November 3, 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN JOSEPH KEENAN, | ) | Case No.: 5:26-cv-01592-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| AKRON CITY SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendants Akron City School District ("District") Board of Education ("Board"), identified in the Complaint as "Akron Public Schools" and "The Board of Education of the Akron City School District", Michael Robinson, Mary B. Outley, Diana Autry, Barbara A. Sykes, Rene Molenaur, Carla Jackson, Bruce Alexander, Summer L. Hall, Gregory Harrison, Nathan Jarosz, Karmaya Kelly, Phillip Montgomery, Angela Carter, and Stephen Thompson (collectively the "Akron Defendants") hereby move pursuant to Fed. R. Civ. P. 12(c) for partial Judgment on the Pleadings with respect to Counts Three, Five, Six, and Seven. A Memorandum in Support is attached hereto.

Respectfully submitted,



Christian M. Williams, Esq. (0063960)
Emily J. Paisley, Esq. (0100664)
Pepple & Waggoner, Ltd.
5005 Rockside Road, Suite 260
Cleveland, OH 44131-6808
Tel.: (216) 520-0088
Fax: (216) 520-0044
E-mail: cwilliams@pepple-waggoner.com
epaisley@pepple-waggoner.com

*Attorneys for Defendants Akron Public Schools, the Board of Education of the Akron City School District, Michael Robinson, Mary B. Outley, Diana Autry, Barbara A. Sykes, Rene Molenaur, Carla Jackson, Bruce Alexander, Summer L. Hall, Gregory Harrison, Nathan Jarosz, Karmaya Kelly, Phillip Montgomery, Angela Carter, and Stephen Thompson*

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

## I. INTRODUCTION

The Akron Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and dismiss Counts Three, Five, Six and Seven of Plaintiff Steven Keenan's Complaint. Even when accepting all alleged facts as true, Plaintiff has failed to satisfy the pleading requirements for a sex discrimination claim, a breach of contract claim, bad faith breach of contract claim, and a defamation claim. Specifically, Plaintiff failed to exhaust his administrative remedies with respect to his sex discrimination claim; fails to identify contractual provisions allegedly breached by the Akron Defendants; brings a bad faith breach of contract claim barred by Ohio law; and fails to identify who made defaming remarks about him, the context of those remarks, when they were made, and to whom they were made to. Accordingly, Plaintiff's Counts Three, Five, Six and Seven fail as a matter of law and must be dismissed.

## II. STATEMENT OF THE ALLEGED FACTS[1]

Plaintiff was hired March 6, 2017, as a "small engine repair" employee. (ECF No. 1, PageID #7, ¶ 25.) On July 13, 2021, Plaintiff was promoted to "Foreman, Grounds." (ECF No. 1, PageID #7, ¶ 26.) In March of 2024, the Board appointed Plaintiff as Interim Director of Facilities. (ECF No. 1, PageID #7, ¶ 27.) Plaintiff became the official Director of Facilities March 21, 2024, and remained in that position until his resignation in September of 2025. (ECF No. 1, PageID #8, ¶ 29.)

Plaintiff was approved for leave under the Family and Medical Leave Act ("FMLA") beginning November 22, 2024. (ECF No. 1, PageID #8, ¶ 32.) While Plaintiff was on FMLA

[1] The Akron Defendants set forth the facts as alleged in the Complaint solely for purposes of this Motion for Judgment on the Pleadings. The Akron Defendants reserve the right to dispute any and all facts alleged by Plaintiff, including at any trial of this matter.

leave, the District restructured the Facilities Department and Plaintiff was informed that his responsibilities, supervised employees and his office would be reassigned to another employee while he was on leave. (ECF No. 1, PageID #8, ¶ 33.) On November 23, 2024, Plaintiff alleges he wrote a complaint regarding the restructuring and submitted it to then- Board President Diana Autry. (ECF No. 1, PageID #8, ¶ 34.) Subsequently, Plaintiff was notified he would not be permitted access to his work computer and other equipment or perform any work while on FMLA leave. (ECF No. 1, PageID #8, ¶ 35-37.)

When Plaintiff returned from FMLA leave on December 9, 2024, he was informed he had been reassigned to a cubicle in the central administrative building and that some of his responsibilities had been reassigned to Angela Carter ("Ms. Carter") and then-Superintendent Dr. Michael Robinson ("Dr. Robinson"). (ECF No. 1, PageID #9, ¶ 38-40.) Without identifying which responsibilities were reassigned, Plaintiff alleges that this reassignment reduced a significant portion of his duties. (ECF No. 1, PageID #9, ¶ 41.)

On or around April 15, 2025, Dr. Robinson was placed on administrative leave and subsequently resigned. (ECF No. 1, PageID #9, ¶ 46.) Mary Outley ("Ms. Outley") took over as Interim Superintendent while Dr. Robinson was on leave, and officially became Superintendent April 28, 2025. (ECF No. 1, PageID #10, ¶ 48.)

The Board began investigating allegations that Plaintiff had improperly arranged with Baker Vehicle Systems ("Baker") to trade-in and then subsequently buy and resell Board property, namely lawnmowers. (ECF No. 1, PageID #10, ¶ 53.)

On May 15, 2025, Plaintiff filed a charge of retaliation with the Ohio Civil Rights Commission ("OCRC"), alleging that Dr. Robinson and Board Member Reverend Gregory Harrison ("Reverend Harrison") retaliated against him for his use of FMLA leave. The Charge

subsequently was transferred to the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1, PageID #10, ¶ 51.)

On May 19, 2025, former Treasurer Stephen Thompson ("Dr. Thompson"), former Human Capital Coordinator, Tod Wammes ("Mr. Wammes"), and Ms. Carter met with Plaintiff to discuss the Baker trade-in allegations. (ECF No. 1, PageID #11, ¶ 60.) Subsequently, Plaintiff was placed on paid administrative leave. (ECF No. 1, PageID #11, ¶ 61.)

On June 6, 2025, Plaintiff filed a second OCRC Charge alleging that Reverend Harrison retaliated against Plaintiff for filing the May 15, 2025 Charge. This Charge was also transferred to the EEOC. (ECF No. 1, PageID #11, ¶ 63.)

The Board proceeded with an outside investigation into the allegations against Plaintiff regarding the lawnmower trade-ins with Baker. On September 8, 2025, Plaintiff was issued a pre-disciplinary notice related to the investigation. (ECF No. 1, PageID #11, ¶ 66.) Ultimately, Plaintiff resigned in September 2025. (ECF No. 1, PageID #12, ¶ 71.)

## III. LAW AND ARGUMENT

### A. Standard for Review for Judgment on the Pleadings.

Fed. R. Civ. P. 12(c) allows "any party [to] move for judgment on the pleadings" after the pleadings are closed. Courts must use the "same standard of review for both Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Federal Rule of Civil Procedure 12(b)(6) motions to dismiss." Bd. of Trs. of Toledo Area Sheet Metal Workers Pension Plan v. Karpathia Funding Grp., Inc., 704 F. Supp. 3d 799, 801 (N.D. Ohio 2023). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).) However, courts do not have to accept "legal conclusions or

unwarranted factual inferences" as true. Shock v. St. Rita's Med. Ctr., No. 3:12-CV-1240, 2012 WL 5354571, at *2 (N.D. Ohio Oct. 29, 2012).

With respect to a motion for judgment on the pleadings, courts "must focus only on the allegations in the pleadings." Bates v. Green Farms Condo. Assoc., 958 F.3d 470, 483 (6th Cir. 2020). Only the complaint, the answer, and any attachments or referenced documents to the pleadings may be considered. United Food & Com. Workers, Loc. 1995 v. Kroger Co., 51 F.4th 197, 202 (6th Cir. 2022). "A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008)(internal quotations omitted.) Here, Counts Three, Five, Six and Seven must be dismissed as a matter of law because Plaintiff has pled no facts which entitled him to the relief sought.

B. Plaintiff failed to exhaust his administrative remedies with respect to his sex discrimination claim.

Count Three of Plaintiff's Complaint must be dismissed because Plaintiff did not bring a charge of sex discrimination before the Equal Employment Opportunity Commission ("EEOC"), *i.e.* he failed to exhaust his administrative remedies prior to filing the current matter in federal court. It is well settled that "if a claimant does not first present a claim to the EEOC, that claim may not be brought before federal courts." Sain v. Am. Red Cross, 233 F. Supp. 2d 923, 929 (S.D. Ohio 2002); Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010)("an employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts."); *see* 42 U.S.C. § 2000e–5(e)(1).

"*[P]ro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." Younis, 610

F.3d at 362; Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 732 (6th Cir.2006.) However, courts may consider additional claims not present in the EEOC charge only "when facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim." Davis v. Sodexho, 157 F.3d 460, 463 (6th Cir.1998).

In Clifford v. Dep't of Youth Servs. Indian River Juv. Correction Facility, No. 5:22-CV-01562-AMK, 2023 WL 6621206, (N.D. Ohio Oct. 11, 2023), the plaintiff filed a lawsuit against her employer alleging race and sex discrimination in violation of Title VII. However, she checked only the box labeled "retaliation" on the relevant EEOC charges, leaving blank the boxes alleging discrimination based on race and sex. Id. at *5. Further, the narrative sections in both of her charges lacked any references or evidence of race or sex discrimination. Id. The plaintiff argued she should be allowed to bring suit for race and sex discrimination because "it would have been reasonable [for the EEOC] to investigate the claims of race and sex discrimination" based off the allegations she raised in her charges. Id. The Court disagreed, finding that "the facts alleged [in the plaintiff's EEOC complaints] do not reference or identify new instances of race or sex discrimination." Id. at *6. Therefore, the Court dismissed the plaintiff's complaint for race and sex discrimination for failure to exhaust her administrative remedies as required by Title VII.

The current case is analogous to Clifford. Here, Plaintiff filed two Charges with the Ohio Civil Rights Commission ("OCRC") on May 15, 2025 and June 6, 202, which were then transferred to the EEOC. (ECF No. 1, PageID #10; ECF No. 1-1, Page ID# 27; ECF No. 1-2, PageID# 34.) Plaintiff did not allege sex discrimination in either of his EEOC claims. Specifically, in the May 15, 2025 charge Plaintiff alleged he was "retaliated against while on Family Medical Leave to care for spouse after major surgery." (ECF No. 1-1, Page ID# 27) In response to the type of discrimination he faced, Plaintiff checked off only one box, "retaliation." (Id.) Additionally,

none of the facts in Plaintiff's narrative would prompt the EEOC to investigate a sex discrimination claim as Plaintiff only alleges he was retaliated against and implies it was due to his use of FMLA. (Id.) Similarly, the June 6, 2025 charge does not allege sex discrimination. In fact, Plaintiff alleges he was "being targeted for retaliation by Board of Education member Gregory Harrison" specifically "for previous OCR" and again, Plaintiff only indicated retaliation as the form of discrimination, not sex discrimination. (ECF No. 1-2, PageID# 34.) Plaintiff's narratives to his EEOC charges do not contain any reference to sex discrimination, nor do they contain any facts that would give notice of a Title VII sex discrimination claim. As such, Count Three of Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies was required under 42 U.S.C. §2000e-(5)(1).

C. Plaintiff's breach of contract claim fails as he did not adequately allege that any specific provision of his employment contract was breached.

In order to satisfy the pleading requirements of a breach of contract claim, Plaintiff must identify the provision of the contract allegedly breached by the Akron Defendants. EHPLabs Rsch., LLC v. Smith, No. 5:22CV0653, 2022 WL 3139604, at *9 (N.D. Ohio Aug. 5, 2022); *see also* Wamen v. Goodyear Tire & Rubber Co., No. 5:13CV1084, 2014 WL 185901, at *3-4 (N.D. Ohio Jan. 15, 2014) (holding, "[a] complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim"); Northampton Rest. Group, Inc. v. FirstMerit Bank, N.A., 492 F. App'x 518, 522 (6th Cir.2012) ("it is a basic tenant of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.")

Plaintiff did not attach his employment contract to his Complaint, nor did he cite actual provisions of his employment contract in his numbered allegations. In EHPLabs, defendant alleged in his counterclaim that the plaintiff engaged in "conduct" that "constitute[d] a breach of

the agreement(s) between Plaintiff and Defendant Smith" without identifying any specific provisions of the contract the plaintiff allegedly breached. EHPLabs at *8. The Northern District of Ohio dismissed defendant's counterclaim, holding that he "[did] not plausibly allege a claim for breach of contract" because he failed to identify specific provisions of the contract that were allegedly breached. Id. at *9.

Similarly here, Plaintiff presents generalized allegations of slights he feels he suffered and proposes that these slights breached his employment contract without ever identifying a single provision of his employment contract that allegedly was breached. Plaintiff's generalized allegation that his employment contract was breached "fall[s] short of the requisite pleading standard set forth in *Iqbal* and *Twombly*" to survive a motion to dismiss. GE Elec. Co. v. S & S Sales Co., No. 1:11CV00837, 2011 WL 4369045, at *2 (N.D. Ohio Sept. 19, 2011). Moreover, "[c]ourts routinely grant motions to dismiss where complaints fail to identify a contractual provision that allegedly was breached." Id. Accordingly, Count Five of the Complaint must be dismissed.

D. Plaintiff's breach of contract in bad faith claim must be dismissed as it is not recognized under Ohio law.

Plaintiff's sixth count alleges a separate claim for "breach of contract *in bad faith*." Under Ohio law, bad faith claims are tort claims, not contract claims. Korwin v. State Farm Fire & Cas. Co., No. 5:23-CV-1124, 2024 WL 1514537, at *6 (N.D. Ohio Apr. 8, 2024). Ohio law distinguishes two types of bad faith claims solely in the insurance context. Specifically, "the first is when a claimant must prove the insurer had no lawful basis to deny coverage, and the second is when the claimant does not have to establish the underlying coverage since the claim arises from the company having a lack of a reasonable justification to act in the manner it did." Id. at *6.

However, Ohio courts have held that "[i]f a petition states a cause of action in contract, the nature of the action is not changed by the mere fact that there is also contained therein a charge of tortious conduct." The Salvation Army v. Blue Cross & Blue Shield of N. Ohio, 92 Ohio App. 3d 571, 578, 636 N.E.2d 399, 403 (1993). Further "unlike a tort claim for bad faith, a bad-faith breach of contract claim is not cognizable under Ohio law as a free-standing cause of action." RLI Ins. Co. v. Fifth Third Bankcorp, No. 1:14-CV-802, 2016 WL 8201161, at *2 (S.D. Ohio July 27, 2016), aff'd as modified sub nom. RLI Ins. Co. v. Fifth Third Bancorp, No. 1:14-CV-00802, 2016 WL 8201770 (S.D. Ohio Dec. 29, 2016); *citing* Avis Rent A Car Systems, LLC v. City of Dayton, Case No. 3:12-cv-399, 2015 WL 5636897 at *5 (S.D. Ohio Sept. 25. 2015). In other words, a claim for breach of contract is not transformed into a recognizable bad-faith tort claim even if tortious conduct is alleged.

The underlying claims in Plaintiff's sixth count are rooted in contract law and have nothing to do with insurance. Thus, simply alleging Defendants acted in "bad-faith" does not transform his contract claim into a tort claim that is recognized by Ohio law as a stand-alone cause of action. Therefore, Count Six of Plaintiff's Complaint must be dismissed.

E. Plaintiff's allegations of defamation are conclusory and generalized, and therefore fail to state a claim for relief.

Count Seven of Plaintiff's Complaint must be dismissed as he has failed to adequately plead a defamation claim. To prevail in a defamation case, Plaintiff must prove five elements: "(1) a false and defamatory statement; (2) about the plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory *per se* or caused special harm to the plaintiff." Bennett v. Roadway Express, Inc., No. 20317, 2001 WL 866261, at *4 (Ohio Ct. App. Aug. 1, 2001). A formulaic recitation of the elements of a cause of action for defamation will not survive a motion to dismiss. Griffin v.

Summit Cnty., No. 5:10CV862, 2011 WL 646872, at *8 (N.D. Ohio Feb. 16, 2011). In order to adequately plead the elements of a defamation claim, Plaintiff must identify the content and the context of the defamatory statement, who allegedly defamed him, when the person said the false comments, and to whom the defaming comments were made. Howell v. Stark Cnty. Cmty. Action Agency, 63 F.Supp.2d 843, 850 (N.D.Ohio 1999). Plaintiff's Complaint fails to make any such allegations, requiring dismissal of his claim for defamation.

In Shock v. St. Rita's Med. Ctr., No. 3:12-CV-1240, 2012 WL 5354571, at *3 (N.D. Ohio Oct. 29, 2012), the plaintiff alleged the "[d]efendant, or an agent thereof, made false, unprivileged statements regarding her termination and the reasons for that termination to third parties." Id. at *5. The plaintiff did not identify who made the statements, or when they were made. In granting the defendant's motion for judgment on the pleadings, the Northern District of Ohio, Western Division held that "[f]ailure to identify an employee, even by a generic departmental title, provides little more than a simple recitation of an element of defamation."

Moreover, in Shock, the plaintiff did not provide any details as to the actual context of the statement. The plaintiff only alleged that defendant "accused her of 'illegal, insubordinate, unethical conduct,'" Id. at *4. The court held that this description alone made it "impossible to determine whether the phrase 'illegal, insubordinate, unethical conduct' is a direct quote from defendant or an agent thereof, or if it is simply the plaintiff's summary of the alleged defamatory statement." Id. at *5.

Finally, the plaintiff in Shock failed to identify specifically to whom defaming comments were made, simply alleging the comments were made to co-workers. The Court held "[w]ithout knowing the specific identity of the employees, it is impossible for [the] [d]efendant to know how

to respond and proceed." Id. at *7. Therefore, the plaintiff's general description of to whom the defaming comments were made was insufficient to maintain a defamation claim. Id. at *5.

Similarly, here, Plaintiff's Complaint simply states:

> * * *
>
> The Board and/or the Defendant members of the Board made false and disparaging statements about Keenan to the media, including but not limited to, accusing Keenan of taking "advantage of the system."
>
> * * *

ECF No. 1, PageID# 23.

Plaintiff has named fourteen individual Defendants as well as "The Board of Education" in his Complaint and yet he does not identify any one of them as the person(s) who made an alleged defamatory remark. Plaintiff alleges broadly that he was "accused of 'taking advantage of the system'" which does not identify the content or context of the alleged defamatory remark. (Id.) Finally, Plaintiff does not identify specifically to whom the alleged disparaging remarks were made, only that the remarks were made to "the media." (Id.) Plaintiff has only made naked assertions devoid of further factual enhancement, which fail to satisfy the pleading requirements of a defamation claim. Maple Heights News v. Lansky, No. 1:15CV53, 2015 WL 4730737, at *2 (N.D. Ohio Aug. 10, 2015). As such, Count Seven of Plaintiff's Complaint must be dismissed.

F. Plaintiff's Defamation and Bad Faith Breach of Contract Claims against the Board fail because it is immune from liability pursuant to R.C. 2744.02

Political subdivision immunity is governed by Chapter 2744 of the Revised Code. *See, e.g.,* Rankin v. Cuyahoga Cty. Dept. of Children and Family Servs., 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 8. Chapter 2744 sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *See id.*, citing Hortman v. Miamisburg, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 9. And under

Chapter 2744, the Akron Defendants are immune from the claims Plaintiff has pled in Counts Six and Seven – bad faith breach of contract and defamation.

First, R.C. 2744.02(A)(l) "provides a general grant of immunity, stating that 'a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental * * * function." Elston v. Howland Local Schools, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10, citing R.C. 2744.02(A)(l); *see also* Dub v. Beachwood, 191 Ohio App.3d 238, 2010-Ohio-5135, 945 N.E.2d 1065, ¶ 19 ("R.C. Chapter 2744 provides nearly absolute immunity to political subdivisions in order to limit their exposure to money damages"). Here, it is undisputed that the Board is a "political subdivision." R.C. 2744.01(F); *see also* Taylor v. Boardman Twp. Local School Dist. Bd. of Edn., 7th Dist. Mahoning No. 08 MA 209, 2009-Ohio-6528, ¶ 11 (declaring that school boards are protected by R.C. Chapter 2744).

"[G]overnmental functions retain the blanket protection of statutory immunity for both negligence and intentional torts. With respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts." Price v. Austintown Loc. Sch. Dist. Bd. of Edn., 2008-Ohio-4514, ¶ 32, 178 Ohio App. 3d 256, 264, 897 N.E.2d 700, 706. It is well settled that the operation of a public school is a governmental function. Coleman v. Cleveland Sch. Dist. Bd. of Educ., 2004-Ohio-5854, ¶ 66.

Once immunity is established under R.C. 2744.02(A), the second tier of the analysis is whether the immunity is eliminated by one of the five exceptions listed in R.C. 2744.02(B): "negligent operation of a motor vehicle, negligent operation of a proprietary function, failure to keep public roads in repair, injury to a physical defect on government property, and liability expressly imposed by the Ohio Revised Code." Elliott v. Cuyahoga Cty. Exec. & Council, 8th

Dist. Cuyahoga No. 105773, 2018-Ohio-1088, ¶ 11 (March 22, 2018), citing Ruffin v. Cuyahoga Cty., No. 1:16 CV 640, 2017 WL 2832674, * 13 (N.D. Ohio June 30, 2017). If none of the section (B) exceptions apply, "there is no need to proceed to step three." Elliott at 12.

Here, none of the five exceptions listed above strip the Board of its political subdivision immunity. There is thus "no need to proceed to step three." *See* Pearson v. Warrensville Hts. City Sch., 8th Dist. Cuyahoga No. 88527, ¶ 12, 2008-Ohio-1102 (holding school district was "entitled to immunity on appellees' claims."); Coleman v. Beachwood, 8th Dist. Cuyahoga No. 92399, ¶ 51, 2009-Ohio-5560, ("[s]ince the city of Beachwood is a political subdivision under R.C. 2744.01(F), it is immune from appellant's claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress because they are intentional torts."); Dub, 2010-Ohio-5135 at ¶ 24. As Plaintiff has pled no facts which would strip the Board of its immunity under R.C. 2744.02, Counts Six and Seven of Plaintiff's Complaint against the Board must be dismissed.

G. Plaintiff's Defamation and Bad Faith Breach of Contract Claims against the Individual Defendants fail because they are immune from liability pursuant to R.C. 2744.03(A)(6)

The Individual Defendants similarly are entitled to statutory immunity as a matter of law because Plaintiff has failed to allege facts that defeat the general blanket of immunity for employees of political subdivisions. R.C. 2744.03(A)(6) provides that an employee is immune from liability unless one of the following exceptions apply:

* * *

> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because

> that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.
>
> * * *

Thus, there are three exceptions to the general blanket of immunity. The third exception does not apply to the current case because no statute expressly imposes civil liability upon the Individual Defendants. Therefore, only the first and second exception may apply.

With respect to the first exception, while R.C. Chapter 2744 does not define the type of employee acts that fall "manifestly outside the scope of employment or official responsibilities" Ohio courts generally have held that "conduct is within the scope of employment if it is initiated, in part, to further or promote the [employer]'s business." Mayer v. Bodnar, 2022-Ohio-4705, ¶ 58, 204 N.E.3d 731, 745. "[A]n employee's wrongful act, even if it is unnecessary, unjustified, excessive or improper, does not automatically take the act manifestly outside the scope of employment." Jackson v. McDonald, 144 Ohio App.3d 301, 307, 760 N.E.2d 24 (5th Dist.2001). Therefore, "only where the acts of state employees are motivated by actual malice .... may [the conduct] be outside the scope of their state employment." Id.

Similarly, in the context of a defamation claim, to remove a political subdivision employee's immunity via the second exception, the record must plead facts that a defendant acted with a malicious purpose, in bad faith, or in a wanton or reckless manner *when the defendant made the alleged defamatory statements*. Coterel v. Reed, 2016-Ohio-7411, ¶19, 72 N.E.3d 1159, 1168 (2016) (emphasis added). In order to grant a motion for judgment on the pleadings on the issue of immunity under R.C. 2744.03(A)(6), the record must be "devoid of evidence tending to show that the political subdivision employee acted wantonly or recklessly." Kravetz v. Streetsboro Bd. of Edn., 2012-Ohio-1455, ¶ 26; Long v. Village of Hanging Rock, 4th Dist. No. 09CA30, 2011–

Ohio–5137, ¶ 17. Ohio courts have held that "malicious purpose is the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through * * * unlawful or unjustified conduct; [b]ad faith connotes a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud; [w]anton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result; and [r]eckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." Mayer v. Bodnar, 2022-Ohio-4705, ¶ 58, 204 N.E.3d 731, 746.

Here, Plaintiff does not identify which, if any, of the Individual Defendants allegedly made defaming remarks about him, much less that any of the Individual Defendants acted with malicious purpose, or in a wanton or reckless manner when making the defamatory comments, nor do any of his facts meet the definition of malicious purpose, or in a wanton or reckless manner as to successfully remove the Individual Defendants immunity under R.C. 2744.03(A)(6). As all of the Individual Defendants are protected by immunity pursuant to R.C. 2744.03(A)(6), Plaintiff's defamation claim and bad faith breach of contract claim against them must be dismissed.

## IV. CONCLUSION

The Akron Defendants respectfully request that the Court grant their Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and dismiss Counts Three, Five, Six and Seven of Plaintiff's Complaint because Plaintiff's Complaint fails to state a claim upon which relief can be granted and the Akron Defendants are entitled to immunity.

Respectfully submitted,

Christian M. Williams, Esq. (0063960)
Emily J. Paisley, Esq. (0100664)
Pepple & Waggoner, Ltd.
5005 Rockside Road, Suite 260
Cleveland, OH 44131-6808
Tel.: (216) 520-0088
Fax: (216) 520-0044
E-mail: cwilliams@pepple-waggoner.com
epaisley@pepple-waggoner.com

*Attorneys for Defendants Akron Public Schools, the Board of Education of the Akron City School District, Michael Robinson, Mary B. Outley, Diana Autry, Barbara A. Sykes, Rene Molenaur, Carla Jackson, Bruce Alexander, Summer L. Hall, Gregory Harrison, Nathan Jarosz, Karmaya Kelly, Phillip Montgomery, Angela Carter, and Stephen Thompson*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1, I certify the following:

This case is an unassigned case. This Memorandum complies with the type-volume limitation of Loc.Civ.R 7.1(f) because this Motion and Memorandum is 17 pages in length. This brief complies with the type style requirements because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 12-point Times New Roman font.

Respectfully submitted,

Christian M. Williams, Esq. (0063960)
Emily J. Paisley, Esq. (0100664)
Pepple & Waggoner, Ltd.

*Attorneys for Defendants Akron Public Schools, the Board of Education of the Akron City School District, Michael Robinson, Mary B. Outley, Diana Autry, Barbara A. Sykes, Rene Molenaur, Carla Jackson, Bruce Alexander, Summer L. Hall, Gregory Harrison, Nathan Jarosz, Karmaya Kelly, Phillip Montgomery, Angela Carter, and Stephen Thompson*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendants' Motion for Judgment on the Pleadings was served this 2nd day of September, 2026, upon all parties of record by operation of the Court's CM/ECF system.

Christian M. Williams, Esq. (0063960)
Emily J. Paisely, Esq. (0100664)
Pepple & Waggoner, Ltd.

*Attorneys for Defendants Akron Public Schools, the Board of Education of the Akron City School District, Michael Robinson, Mary B. Outley, Diana Autry, Barbara A. Sykes, Rene Molenaur, Carla Jackson, Bruce Alexander, Summer L. Hall, Gregory Harrison, Nathan Jarosz, Karmaya Kelly, Phillip Montgomery, Angela Carter, and Stephen Thompson*